# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BETTER KEIKI, LLC d/b/a MAIRICO and SENACO DIRECT, § § § Plaintiff, § § ACTION NO. 4:17-CV-850 v. § JUDGE MAZZANT/JUDGE JOHNSON § § MAIRICODIRECT, ET AL., § § Defendants. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 23, 2018, the Magistrate Judge entered proposed findings of fact and recommendations (Dkt. #57) that Plaintiff Better Keiki, LLC's ("Plaintiff") Motion for Entry of Final Default Judgment Against Defendants (Dkt. #50) be **GRANTED IN PART** and **DENIED IN PART**.

In the Report and Recommendation entered by the United States Magistrate Judge the Court ordered Plaintiff to serve, by certified mail, Defendants with a copy of the Report and Recommendation. *See* Dkt. #57 at 15. Plaintiff filed a Certification of Notice, certifying it served all Defendants and Amazon.com with the Report and Recommendation on November 6, 2018. *See* Dkt. #58. Plaintiff previously served Defendants by email and mail carrier on several occasions throughout the pendency of this lawsuit. *See* Dkts. #36, #48, #55.

Having received the Report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of

the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Therefore, Plaintiff's Motion for Entry of Final Default Judgment (Dkt. #50) is **GRANTED IN PART** and **DENIED IN PART**.

Therefore, Plaintiff's Motion for Entry of Final Default Judgment Against Defendants (Dkt. #50) is **GRANTED**, as follows:

Defendants MairicoDirect, KamiroUS, DragonB, ForLovingYou, HOUSEWARE, NewChoice USA, CPI Delta, CMR.Alew, FranceChef, SunnyStoreLove, and NTTL are hereby jointly and severally liable for the $1,000,000.00 judgment previously entered in this matter. *See* 4:17-cv-850, Dkts. 45, 53.

Plaintiff is entitled to an award of reasonable attorneys' fees, under 15 U.S.C. § 1117(a). Plaintiff shall submit the appropriate documentation of such fees for the Court's review within fourteen (14) days.

Further, the Court hereby enters a permanent injunction as follows:

**(1) Permanent Injunctive Relief:**

Defendants MairicoDirect, KamiroUS, DragonB, ForLovingYou, HOUSEWARE, NewChoice USA, CPI Delta, CMR.Alew, FranceChef, SunnyStoreLove, and NTTL, and each of its members, officers, agents, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling, or offering to sell their counterfeit and infringing goods bearing Plaintiff's MAIRICO trademark;

b. using the MAIRICO trademark in connection with the sale of any unauthorized goods;

c. using Plaintiff's trademarks or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods;

d. using any logo, trade name, or trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

e. falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, infringement, copy, or colorable imitation of Plaintiff's trademarks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants;

g. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with Plaintiff;

h. using the following Amazon.com seller IDs A3J8RFAXD1JQ0W, A2FWGNJY7JDBXX, AJT25DYI9N8VQ, A1GQ5KJZX714GM, A19R7Z7Y0UGNKP, A358MRFT5CUP12, A2KTE25R4ZALX8, AW7RHG6ANNRQ5, A1RKQMVHN9ZSJ6, AD7VFEWSPSI62, A2K649AAYY4AEK ("Defendant Seller IDs"), as well as any other alias seller

identification names being used and/or controlled by Defendants, to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of Plaintiff's trademarks; and

i. withdrawing any funds from the possession of Amazon.com, Inc., or any of its affiliated companies until Defendant has satisfied the monetary judgment.

**(2) Additional Equitable Relief**

Upon notice of the injunction, Amazon.com, Inc., shall disable and/or cease facilitating access to the Defendant Seller IDs (as well as any other alias seller identifications) to sell products assigned ASIN number B01HEBY216.

Upon a notice of the permanent injunction, Amazon.com, Inc., shall immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of Plaintiff's trademarks in its inventory, possession, custody or control, and surrender those goods to Plaintiff.

The Court hereby **DENIES** Plaintiff's Motion for Entry of Final Default Judgment Against Defendants (Dkt. #50) in part. The Court finds Plaintiff is not entitled to additional statutory damages in this matter, and that the $1,000,000.00 statutory damages in the consolidated case, 4:18-cv-226, provide Plaintiff appropriate redress because there is evidence that Defendants in both the 4:17-cv-850 matter and the 4:18-cv-226 matter are a single operator. *See* Dkt. #50 at 21. The Court, therefore, will not award additional statutory damages in this case.

**IT IS SO ORDERED**.

**SIGNED this 30th day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE